[Cite as *Feathers v. Tasker*, 2012-Ohio-4917.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CARLA F. FEATHERS, et al.

    Appellant

    v.

THOMAS R. TASKER, et al.

    Appellee

C.A. No.     26318

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010 07 5146

DECISION AND JOURNAL ENTRY

Dated: October 24, 2012

CARR, Judge.

{¶1} Appellant Carla Feathers appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} After Mrs. Feathers was injured in a car accident, she filed a complaint in which she alleged a claim of negligence against appellee Thomas Tasker, the driver of the car that hit her. She further sought a declaration against her own insurance company, Travelers Insurance Company, that she was entitled to underinsured motorist benefits as a result of the injuries she sustained. Mrs. Feathers' husband Eugene also alleged a claim for loss of consortium, although he did not appeal and is not named as a party to the instant appeal.

{¶3} Travelers answered and filed a cross-claim against Mr. Tasker for indemnification. The insurance company subsequently moved for and was granted summary judgment on Mrs. Feathers' declaratory judgment claim, wherein the trial court declared that the

plaintiffs were not entitled to underinsured motorist benefits as a result of this accident. Mrs. Feathers has not challenged that judgment and Travelers is not a party to this appeal.

{¶4} The trial court referred the remaining claims against Mr. Tasker to the court mediator. On September 19, 2011, the mediator filed a status report of mediation, indicating that further action was required and that mediation was rescheduled for a later date to allow the plaintiffs the opportunity to obtain legal representation and conduct further discovery. After a December 30, 2011 mediation conference, the mediator filed a status report that stated that the case was settled. Mr. and Mrs. Feathers both signed the status report the same day. Nevertheless, the plaintiffs filed a motion to "void settlement agreement dated 12-30-11" on January 3, 2012, in which they alleged that the mediation was "unfair" and "one sided," that the settlement was not reasonable in that it would not cover Mrs. Feathers' medical bills, and that they felt "pressured" to enter into the settlement agreement. Mr. Tasker filed a memorandum in opposition and appended several documents arising out of the parties' mediation.

{¶5} On January 11, 2012, the trial court issued an entry dismissing the matter with prejudice as it had been fully settled by and between the parties. On January 20, 2012, Mr. and Mrs. Feathers filed a motion to vacate the entry of dismissal and the "arbitration" award. They asserted their claims against Mr. Tasker had not been fully resolved by the amount of the settlement. Moreover, they reminded the trial court that they had previously filed a motion to vacate the "arbitration award" and they attached their previous motion to "void" the settlement agreement reached after mediation. Mr. Tasker opposed the motion. The trial court issued an order in which it denied the plaintiffs' motion to void the December 30, 2011 settlement agreement and the motion to vacate the dismissal order and arbitration award. Mrs. Feathers filed a timely appeal in which she raised one assignment of error.

II.

## ASSIGNMENT OF ERROR

[THE] TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED IT[]S DISCRETION TO THE PREJUDICE OF APPELLANT, IN NOT SUSTAINING MOTION TO VOID SETTLEMENT AGREEMENT DATED 12-30-11[.]

{¶6} Mrs. Feathers argues that the trial court erred by denying her motion to vacate the parties' settlement agreement. Moreover, she argues that the trial court erred by failing to hold a hearing on her motions. This Court disagrees.

{¶7} Mrs. Feathers first argues that she had the right to renounce the mediated settlement agreement because the terms were unreasonable and she felt "pressured" into accepting those terms.

> Mediation is, by definition, a procedure by which the parties negotiate a resolution to their dispute with the assistance of a third party mediator. If the parties do not reach an agreement, the mediation process is at an end; no resolution may be imposed on the parties. Nevertheless, although mediation is a nonbinding process, a settlement agreement reached through a mediation process is as enforceable as any contractual agreement.

> As long as a settlement agreement reached by the parties was not procured by fraud, duress, overreaching, or undue influence, the court has the discretion to accept it.

(Internal citations and quotations omitted.) *Murray v. Murray*, 6th Dist. No. L-09-1305, 2011-Ohio-1546, ¶ 22-23. This Court has held that parties are bound by the terms of their settlement agreement as in any other contract where they have manifested the intent to enter into the agreement. *Haas v. Bauer*, 156 Ohio App.3d 26, 2004-Ohio-437, ¶ 16 (9th Dist.). Furthermore, "when the parties agree to a settlement offer, [the] agreement cannot be repudiated by either party, and the court has the authority to sign a journal entry reflecting the agreement and to enforce the settlement. (Alterations sic.) *Id.*, quoting *Shelter v. Shelter*, 9th Dist. No. 00CA0070, 2001 WL 542318 (May 23, 2001).

**{¶8}** "To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party." *Blodgett v. Blodgett*, 49 Ohio St.3d 243 (1990), syllabus. Three common elements of duress include (1) the involuntary acceptance of terms by one party, (2) no alternative to acceptance under the circumstances, and (3) coercive acts by the other party gave rise to those circumstances. *Id.* at 246, citing *Urban Plumbing & Heating Co. v. United States*, 408 F.2d 382, 389-390 (U.S. Ct. of Claims 1969).

**{¶9}** Mrs. Feathers did not allege that Mr. Tasker or his attorney coerced her during the mediation into accepting the terms of the settlement agreement. Instead, she simply alleged that she and her husband felt "pressured." Although she and her husband were not represented by counsel during the mediation, they had the opportunity to discuss the matter and draw support and counsel from one another. In addition, the mediator continued the mediation conference for more than three months to allow the couple to obtain counsel. Nevertheless, they appeared at the second mediation conference without counsel.

**{¶10}** Mr. Tasker appended four documents to his memorandum in opposition to the motion to vacate, to wit: the status report of mediation, a proposed order dismissing the matter with prejudice, a document enunciating the settlement terms, and a release of any and all further claims arising out of the car accident. Both Mr. and Mrs. Feathers signed all four documents. Immediately after executing the release, Mr. and Mrs. Feathers received and accepted a draft for the settlement amount.

**{¶11}** Based on a review of the record, there is nothing to indicate that Mr. Tasker or his attorney coerced or pressured Mrs. Feathers to accept the terms of the parties' settlement agreement. Instead, it appears that Mrs. Feathers simply regretted her decision to accept the sum

on which the parties agreed. This Court understands Mrs. Feathers' frustration and regret after accepting a sum that will not fully compensate her and her husband for their loss. However, "[d]issatisfaction with or general remorse about signing a consent agreement do not [] constitute 'duress.'" *Murray* at ¶ 26. Moreover, this Court has held that a party's change of heart regarding the terms of a settlement agreement does not constitute grounds to set aside the agreement. *Rorick v. Rorick*, 9th Dist. No. 09CA009533, 2009-Ohio-3173, ¶ 15.

{¶12} Mr. and Mrs. Feathers did not obtain their ideal settlement, and that is unfortunate. We understand that a remedy which fails to fully compensate an innocent party carries an inherent sting of inequity. Simply given the disruptions of normal daily life associated with the aftermath of such an event, it is impossible to fathom a remedy that can ever make an injured party whole. Nevertheless, Mrs. Feathers and her husband agreed to the terms of the settlement and accepted the offered compensation in the absence of any evidence of duress. Accordingly, the trial court did not err by denying the motion to vacate the settlement agreement.

{¶13} Mrs. Feathers further argues that the trial court erred by failing to hold a hearing prior to ruling on her motion. Only when a party disputes the meaning of terms or the existence of the agreement must the trial court conduct an evidentiary hearing. *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 377 (1997). Because Mrs. Feathers disputed neither the existence of the agreement nor the meaning of any terms therein, but rather merely expressed displeasure with the negotiated terms, the trial court did not err by ruling on her motion without a hearing. Mrs. Feathers' assignment of error is overruled.

III.

{¶14} Mrs. Feathers' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

6

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.


APPEARANCES:

CARLA F. FEATHERS, pro se, Appellant.

KIMBERLY K. WYSS, Attorney at Law, for Appellee.