[Cite as *Patrick v. Patrick*, 2024-Ohio-6067.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| FELICIA NICOLE PATRICK | | C.A. No.     23CA012013 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| NICOLE LEEANN PATRICK | | |
| Appellee | | CASE No.     21DU090034 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2024

---

SUTTON, Judge.

{¶1}   Plaintiff-Appellant Felicia Nicole Patrick appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}   On October 27, 2021, Felicia filed for divorce from Defendant-Appellee Nicole Leann Patrick.  During the divorce trial, the parties came to an agreement and entered into a Memorandum of Understanding ("MOU") which was signed by both Felicia and Nicole on April 12, 2023.  The MOU provided in relevant part:

4. The Plaintiff, Felicia Patrick, shall be the sole parent of [S.P.], born on September 1, 2018, and is designated as the residential parent and legal custodian of the minor child.

5. The Defendant, Nicole Patrick, shall have visitation with the minor child, pursuant to Ohio Revised Code Section 3109.051(B)(1), as follows:

    A.  Alternating Saturdays, from 9:00 a.m. to 6:00 p.m., for three (3) months; and

    B.  Alternating weekends from Friday at 6:00 p.m. to Sunday at 6:00 p.m., effective July 15, 2023.

6. The Plaintiff, Felicia Patrick, shall permit the Defendant, Nicole Patrick, to access the minor child's medical and education records and documentation.

7. Division of Property

. . .

    B.  Defendant, Nicole Patrick, shall provide the minor child's original Social Security [c]ard to the Plaintiff, Felicia Patrick.

. . .

    J.  The Defendant, Nicole Patrick, shall remit payment to the Plaintiff Felicia Patrick in the amount of Twenty Thousand Dollars ($20,000.00), in care of Stafford Law Co., L.P.A., located at 55 Erieview Plaza, 5th Floor, Cleveland, Ohio 44114, within thirty (30) days of this agreement.

8. The Defendant, Nicole Patrick, shall pay the Plaintiff, Felicia Patrick, child support in the amount of $750.00 per month, plus 2% processing charge, through the Lorain County CSEA, effective May 1, 2023.

. . .

12. This memorandum of understanding is contingent upon James, Kimberly and Felicia signing a separate agreement which provides that in the event of an adoption of [S.P.] by either a step-parent, grandparent or anyone else, the parties agree that Nicole Patrick's visitation with [S.P.] will be preserved by the applicable Probate Court. Notice of any such adoption shall be sent to Nicole Patrick prior to filing with the court.

{¶3}    On April 13, 2023, the trial court allowed the parties to put the terms of the MOU on the record and gave the parties until May 12, 2023, to submit an agreed judgment entry signed by the parties. The hearing was adjourned briefly so the parties could add an additional handwritten provision to the MOU. The parties were then questioned on the record concerning the MOU and both Felicia and Nicole testified they were in agreement with the MOU. Felicia

specifically indicated on the record she was in agreement that the court adopt the designation of Felicia as residential parent and legal custodian and grant Nicole visitation with S.P. and she further indicated she believed the agreement regarding child support was fair, just, and equitable.

{¶4} The parties failed to submit an agreed judgment entry by May 12, 2023. The trial court issued a show cause order and set the matter for a hearing for the attorneys and parties to "show cause why they should not be held in contempt of court for failure to submit an agreed judgment entry." Both parties then each submitted proposed judgment entries, and objections to each other's proposed judgment entries. On June 16, 2023, the trial court issued an order stating in part, "The [c]ourt will note that both counsels submitted proposed agreed judgment entries that did not accurately reflect the agreement placed on the record. Consequently, the [c]ourt issues a judgment entry consistent with the stipulations and agreement placed on the record under oath." That same day, the trial court issued an agreed judgment entry of divorce and attached the MOU and a child support computation worksheet as exhibits to the judgment entry.

{¶5} Felicia appealed raising one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ISSUING A JUDGMENT ENTRY OF DIVORCE THAT VARIES FROM THE PARTIES' IN-COURT AGREEMENT AND WHICH IS VOID [AB INITIO] FOR A LACK OF JURISDICTION.**

{¶6} In her sole assignment of error, Felicia argues the trial court erred by issuing a judgment entry of divorce that varies from the parties' in-court agreement and is void ab initio for a lack of jurisdiction. Specifically, Felicia argues the trial court erred by: (1) not including a provision in its judgment entry that states, "[t]he Defendant, Nicole Leeann Patrick, does not maintain any parental rights and/or responsibilities concerning the minor child[;]" (2) not

indicating that a deviation in child support was due to the relative financial resources of the parties; (3) giving Nicole 30 days from the date of the judgment entry to pay Felicia $20,000.00; (4) not including a deadline for Nicole to provide S.P.'s social security card to Felicia; and (5) including in its judgment entry a "side agreement" that it has no jurisdiction to enforce. In response, Nicole argues the trial court did not err and the judgment entry is consistent with the parties' agreement.

## Standard of Review

{¶7} A trial court's decision to enforce a settlement agreement by incorporating it into its judgment entry is reviewed under an abuse of discretion standard. *Lewis v. Lewis*, 2023-Ohio-3693, ¶ 14 (11th Dist.). An abuse of discretion implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Once the parties have assented to the terms of settlement, a settlement agreement exists such that it cannot be repudiated by either party and the trial court has the authority to sign an entry reflecting the agreement. *Feathers v. Tasker*, 2012-Ohio-4917, ¶ 7 (9th Dist.). When the parties reach a settlement agreement in open court, the trial court may approve an entry that accurately reflects the terms of the agreement and adopt the agreement as the court's judgment. *Santomauro v. Sumss Property Management, LLC*, 2019-Ohio-4335, ¶ 45 (9th Dist.), citing *Bolen v. Young*, 8 Ohio App.3d 36, 37 (10th Dist. 1982). It is reversible error for a trial court to adopt a judgment entry that fails to accurately reflect the entire settlement agreement. *Santomauro* at ¶ 45, citing *Schmid v. Rutter*, 1989 WL 157218, *2 (9th Dist. Dec. 27, 1989). In addition, "[w]here the terms of a contract are clear and there is no factual dispute as to the meaning of the terms of the agreement," the trial court does not err in enforcing the agreement. *City of Cuyahoga Falls v. Wells*, 2001 WL 81260, *2 (9th Dist. Jan. 31, 2001) (holding no evidentiary hearing was necessary when the terms of the agreement were clear and unambiguous.)

## Custody

{¶9} Here, concerning parental rights and custody, the judgment entry provides in part: "[p]ursuant to the parties' Memorandum of Understanding, [Felicia] shall be the sole parent of minor child, [S.P.,] born on September 1, 2018, and is designated residential parent and legal custodian of the minor child." The MOU stated, "Felicia Patrick shall be the sole parent of [S.P.] . . . and is designated as the residential parent and legal custodian of the minor child." These provisions are virtually identical.

{¶10} Felicia argues the trial court's judgment entry should also state "[t]he Defendant, Nicole Leeann Patrick, does not maintain any parental rights and/or responsibilities concerning the minor child." However, this language was not in the MOU signed by both parties and agreed to by both parties on the record. If the trial court had adopted a judgment entry that added terms to the agreement, such addition would have been error. *See City of Cuyahoga Falls v. Wells* at *3.

## Child Support

{¶11} Next, Felicia appears to argue the trial court erred by ordering $750.00 in child support, which is the exact amount of child support agreed to by the parties in the MOU and on the record. Felicia specifically argues the trial court erred by failing to acknowledge in its judgment entry "the relative financial resources of the parties or Felicia's income and only relies upon the agreement of the parties." The trial court attached the child support computation worksheet to its judgment entry as an exhibit. The worksheet set forth the parties' incomes. Felicia's income was $0. Nicole's income was $49,676.42. According to the worksheet, Nicole's child support obligation, absent any deviating factors, should be $683.31 per month. The amount of child support increased to $750.00 per month "[b]y agreement of the parties." Even taking into account the cash medical support calculation of $32.39, which was not included in the final total,

that amount would have been $715.70, which is still lower than the $750.00 to which the parties agreed.

**{¶12}** Felicia does not argue on appeal the child support payment would or should be any different than what was agreed to by the parties, or what was set forth on the worksheet. *See Wells v. Wells*, 2014-Ohio-5646, ¶ 13 (9th Dist.). Further, Felicia does not argue the sum of $750.00 per month is not in the child's best interest. The trial court in this case completed a child support worksheet that sets forth the current income of the parties and indicated in its judgment entry the amount of $750.00 per month was in the child's best interests. *See Lawrence v. McGraw*, 2011-Ohio-6334, ¶ 11-12 (9th Dist.). Thus, the trial court did not abuse its discretion in ordering the sum of $750.00 per month in child support as agreed to by the parties.

### Social Security Card and Property Settlement

**{¶13}** Next, Felicia argues the trial court erred by not imposing a deadline for Nicole to provide S.P.'s social security card to Felicia. The MOU did not specify a deadline and a deadline was not discussed at the April 13, 2023 hearing. Absent a specific time for compliance, a reasonable time for performance is implied. *See Harris v. Ohio Oil Co.* 57 Ohio St. 118, 127 (1897). "Reasonable time is not measured by hours, days, weeks, months or years, but is derived from the surrounding conditions and circumstances which the parties had in contemplation upon execution of the contract." *Integra Nat. Bank v. Oakes Const. Co.,* 1994 WL 68045, *6 (9th Dist. Mar. 9, 1994), quoting *Turner Brooks of Ohio, Inc. v. Bowling Green State Univ.*, 51 Ohio Misc.2d 1, 3 (Ct. of Cl. 1989) citing *Harris* at 127, citing *Wagner v. Menke*, 20 Ohio Law Abs. 501, 505 (2d. Dist. 1935).

**{¶14}** Because the parties did not specify a deadline for Nicole to provide the social security card to Felicia, the trial court did not err in not including a specific deadline.

{¶15}  In briefing, Felicia argued the trial court abused its discretion in ordering Nicole to pay Felicia the agreed upon $20,000.00 within 30 days of the judgment entry instead of within 30 days from April 12, 2023, the date provided for in the MOU.  However, at oral argument, both parties through counsel acknowledged that the money has been paid and have agreed that this issue is moot.

### Separate Agreement

{¶16}  Finally, Felicia argues the trial court exceeded its jurisdiction, and the agreed judgment entry is void ab initio because it included a provision concerning Nicole's continued right to visitation with S.P. in the event of an adoption of S.P.  The judgment entry states in relevant part:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the parties *agree* that the Memorandum of Understanding … is contingent upon James Patrick, Kimberly Patrick and [Felicia] signing a separate agreement which provides that in the event of an adoption of [S.P.] by either a step-parent (which is an impossibility in the law), grandparent, or anyone else, that [Nicole's] visitation with [S.P.] will be preserved by the applicable Probate Court.  Notice of any such adoption shall be sent to [Nicole] prior to filing with the Court.

(Emphasis added.)

{¶17}    The MOU states, in handwriting and initialed by the parties:

> This memorandum of understanding is contingent upon James, Kimberly and Felicia signing a separate agreement which provides that in the event of an adoption of [S.P.] by either a stepparent, grandparent, or anyone else, the parties agree that Nicole Patrick's visitation with [S.P.] will be preserved by the applicable Probate Court.  Notice of any such adoption shall be sent to Nicole Patrick prior to filing with the Court.

The trial court's judgment entry sets forth nearly verbatim what the MOU provides.

{¶18}  The plain language of this portion of the judgment entry communicates what the parties had agreed to in the MOU; the MOU was contingent on the signing of a separate agreement between "James, Kimberly, and Felicia."  In addition, the trial court specifically acknowledged it

would not be the court to decide a possible conflict concerning a hypothetical future adoption of the minor child. Because the trial court had the authority to sign an entry accurately reflecting the parties' agreement, the trial court did not exceed its authority or jurisdiction in including this agreed provision in its judgment entry. *See Feathers*, 2012-Ohio-4917, ¶ 7 (9th Dist.); *see also Shetler v. Shetler*, 2001 WL 542318, *2 (9th Dist. May 23, 2001).

**{¶19}** Accordingly, Felicia's sole assignment of error is overruled.

III.

**{¶20}** For the foregoing reasons, Felicia Nicole Patrick's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOSEPH G. STAFFORD, NICOLE A. CRUZ, and KELLEY A. TAURING, Attorneys at Law, for Appellant.

JOY B. SAVREN, Attorney at Law, or Appellee.

TAS J. NADAS, Attorney at Law, for Appellee.